UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDWARD OLVERA, et al.,

      Plaintiffs,

  v.

COUNTY OF SACRAMENTO, et al.,

      Defendants.
                             /

NO. CIV. 2:10-550 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 7, 2010, and makes the following findings and orders without needing to consult with the parties any further.

        I.    <u>SERVICE OF PROCESS</u>

All named defendants have been served or waived service and no further service is permitted without leave of court, good

1

cause having been shown under Federal Rule of Civil Procedure 16(b).

## II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III.   <u>JURISDICTION/VENUE</u>

Jurisdiction is premised on 42 U.S.C. § 1983 (civil rights) and 28 U.S.C. § 1343 (civil rights and elective franchise).  Venue is undisputed and is hereby found to be proper.

## IV.   DISCOVERY

The parties have agreed to serve their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than August 31, 2011.

The parties jointly request a bifurcated discovery process that would address liability and damages now and proceed on Monell liability in a second phase.  The parties agree that this proposal does not mean that County party employees cannot be questioned about their understanding of policies, practices, procedures, or training during the initial discovery phase.

All discovery for the first phase including depositions for preservation of testimony, shall be conducted so as to be completed by January 31, 2011.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have

been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the Magistrate Judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than January 31, 2011.

All discovery for the second phase including depositions for preservation of testimony shall begin on February 1, 2011 and shall thereafter be conducted so as to be completed by June 1, 2011.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the Magistrate Judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than June 1, 2011.

The parties stipulate to fifteen depositions per side without leave of court rather than the ten depositions provided by the Federal Rules.  See Fed. R. Civ. P. 26(b)(2)(A), 30(a)(2)(A)(I).

V.  MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before August 15, 2011.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing

3

and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for October 17, 2011, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement that identifies every non-discovery motion that has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII.   TRIAL SETTING

The trial is set for December 20, 2011 at 9:00 a.m.

4

The parties estimate trial will last approximately 15 days exclusive of jury selection. All parties demand a jury.

### VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference, counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

### IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: September 2, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE