UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWARD OLVERA, CARLA DE ROSE, Individually and as Guardian Ad Litem for AND-O, CHD-O, COD-O SD-O, AGD-O, GD-O, RD-O, minor children, SUSAN MORRISON, KELLY MEIS,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, JEANINE LOPEZ, FERMINE PEREZ, JENNIFER CULLIVAN, BRYAN JONES, ROBIN ROGERS, KEEVA PIERCE, VERONICA CARILLO, STEPHANIE LYNCH, LYNN FRANK, SOLLA, LAURA COULTHARD, And Does 1 through 20,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:10-550 WBS CKD<br><br><u>ORDER RE: MOTION TO AMEND</u> |

----oo0oo----

       Plaintiffs brought this civil rights case against defendants the County of Sacramento, the Department of Health and Human Services ("DHHS"), and numerous DHHS employees based on an investigation by Child Protective Services ("CPS") and the initiation of dependency proceedings and removal of a minor child

1

from the family home.  Before the court is plaintiffs' motion for leave to file a Third Amended Complaint ("TAC").

I. Factual and Procedural Background

Plaintiffs and spouses Edward Olvera and Carla De Rose (the "Olveras") are licensed marriage and family therapists and are the natural parents of one of the minor children plaintiffs and are the adoptive parents of the remaining six minor children plaintiffs.  (Second Am. Compl. ¶¶ 27-28, 46.)  In 2006, the Olveras began a therapeutic program in their home for adopted children suffering from severe emotional, psychological, and behavioral disorders in which the children lived in their home and received treatment and education.  (Id. ¶¶ 32, 36.)  In November 2007, the Olveras purchased a larger home and enrolled more children in their full-time, in-home program.  (Id. ¶ 39.) Prior to beginning the program, the Olveras allegedly contacted California's Community Care Licensing and were told that permits were not required to run their program.  (Id. ¶¶ 36-38, 43.)

Beginning on December 19, 2008, defendant Jeanine Lopez, an employee of the CPS unit of DHHS, began an investigation of the Olveras' program.  (Id. ¶¶ 19, 61.)  During the investigation, Lopez and other DHHS employees allegedly conducted aggressive interviews of the minor children and ultimately pursued a juvenile dependency case against the Olveras and the minor children without justification.  (Id. ¶ 53.) Defendants also allegedly removed one of the minor children from the Olveras' home without conducting an adequate investigation and submitted false allegations, false evidence, and misrepresentations in and omitted exculpatory evidence from

2

documents submitted to the juvenile court.  (Id.)

On March 4, 2010, the Olveras, Susan Morrison and Kelly Meis, former adoptive parents of one of the minor children, and seven minor children filed a Complaint against the County of Sacramento, DHHS, the Director of CPS, and eleven DHHS employees. After filing a First Amended Complaint as a matter of course, plaintiffs filed a Second Amended Complaint pursuant to a stipulation with defendants.  In the Second Amended Complaint, plaintiffs allege claims under 42 U.S.C. § 1983 for violations of their First, Fourth, and Fourteenth Amendment rights and a state law claim for intentional infliction of emotional distress.

Plaintiffs now seek leave to file a TAC in order to add thirteen additional defendants.  Specifically, plaintiffs seek to add four DHHS program managers (Eva Schrage, Fred Demartin, Joni Edison, and Patti Gilbert-Driggs), two DHHS division managers (Kim Pearson and Melinda Lake), two additional DHHS employees (Jade Tea and Paula Christian), and five attorneys who served as counsel for Sacramento County (Traci Lee, Lisa Travis, Chris Guillone, Vicki Finucane, and Scott Fera).

II.  Discussion

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

607-08 (9th Cir. 1992). Here, the court issued a Status (Pretrial Scheduling) Order on September 3, 2010, which states that further amendments to the pleadings are prohibited "except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)." (Docket No. 20.)

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by noting the prejudice to other parties. Id.

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard. Id. at 608. Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint under Rule 15(a): bad faith, undue delay, prejudice, and futility of amendment. Roth v. Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Because Rule 16(b)'s "good cause" inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should deny a motion for leave to amend only if such amendment would be futile.

Defendants do not dispute that plaintiffs have shown good cause for seeking leave to amend under Rule 16. Instead, defendants oppose plaintiffs' motion to amend based solely on the argument that the amendment would be futile. As plaintiffs have thoroughly explained the factual circumstances giving rise to

4

their motion to amend and defendants do not contend that good cause is lacking, the court finds that plaintiffs have shown good cause to file a TAC and will only address whether such amendment will be futile.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting Miller, 845 F.2d at 214); see Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

Defendants first contend that amending the complaint to add Schrage, Demartin, Edison, Pearson, Lake, Lee, Travis, Guillone, and Fera would be futile because those individuals are entitled to absolute immunity. According to the proposed TAC, those individuals, along with other defendants, participated in a "staffing" on January 22, 2009, which was a meeting involving CPS employees and county counsel to discuss the Olvera case. (TAC ¶¶ 137, 139.) At that staffing, the evidence from the Olvera investigation was allegedly discussed and the decision was allegedly made to seek protective custody warrants, remove three

5

of the minor children, and file a non-detained petition for the rest of the children in the Olveras' home.  (TAC ¶ 137.)  Decisions were also allegedly made at that staffing about what evidence would be included in or omitted from the applications for protective warrants.  (TAC ¶ 138.)

The Ninth Circuit has held that, based on the similarity in the functions performed by social workers to the functions performed by prosecutors, "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings."  Meyers v. Contra Costa Cnty. Dep't of Soc. Servs., 812 F.2d 1154, 1157 (9th Cir. 1987).  In the same decision, however, the Ninth Circuit held that absolute immunity does not apply to social workers' actions that "preceded the institution of judicial proceedings."  Id. at 1155.  More recently, the Ninth Circuit clarified that social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury."  Beltran v. Santa Clara Cnty., 514 F.3d 906, 908 (9th Cir. 2008) (per curiam).[1]

Here, the alleged misconduct by the participants of the

---

[1] In arguing that the proposed defendants are entitled to absolute immunity, defendants rely on Doe v. Lebbos, 348 F.3d 820 (9th Cir. 2003), which held that a social worker was absolutely immune from claims that she "failed to investigate possible exculpatory evidence and fabricated evidence in the dependency petitions she submitted to the dependency court" because she "engaged in these actions as part of her initiation and pursuit of child dependency proceedings."  Id. at 826.  The Ninth Circuit, however, expressly overruled this holding from Doe v. Lebbos in Beltran.  See Beltran 514 F.3d at 909.

6

January 22, 2009 staffing "preceded the institution of judicial proceedings," Meyers, 812 F.2d at 1155, and, under Beltran, was not the type of function for which social workers are entitled to absolute immunity. See Beltran, 514 F.3d at 908; see also Beltran v. Santa Clara County, 389 Fed. App'x 679, 680-81 (9th Cir. 2010) (applying only qualified immunity to claims that social workers submitted a petition containing material misrepresentations and omissions in support of a warrant to take custody of a minor child). Accordingly, none of the participants of the January 22, 2009 staffing are entitled to absolute immunity for the decisions reached at that meeting about what evidence would be included in or omitted from the applications for protective warrants.[2]

Aside from arguing that the proposed defendants who participated in the January 22, 2009 staffing are entitled to absolute immunity for their alleged misconduct at that meeting, plaintiffs do not dispute the sufficiency of the allegations for claims based on the January 22, 2009 staffing at this time. Accordingly, the court will grant plaintiffs' motion for leave to file a TAC to add the proposed defendants who participated in the January 22, 2009 staffing.

---

[2] The social workers may, of course, be entitled to qualified immunity. See, e.g., Meyers, 812 F.2d at 1155, 1158 (social worker was entitled to qualified immunity for the functions not covered by absolute immunity).
   In their opposition, defendants do not distinguish between the immunities available to the social workers and the county counsel advising the social workers. Because the court concludes that the social workers are not entitled to absolute immunity, it need not address whether county counsel advising social workers would be entitled to the same immunity as social workers.

Plaintiffs also allege that proposed defendant Gilbert-Driggs participated in a different staffing at which "it was decided to seek a protective custody warrant for the seizure of [three of the minor children], and to file a non-detained W&IC 300 Petition for the other minor child[ren]." (TAC ¶ 126.)[3] For the same reasons that the social workers at the January 22, 2009 staffing are not entitled to absolute immunity, Gilbert-Driggs is not entitled to absolute immunity for her alleged conduct at a separate staffing.  Accordingly, she may also be added as a defendant in the TAC.

Plaintiffs have thus shown that filing the proposed TAC to add at least ten of the thirteen proposed defendants would not be futile.  The factual allegations in the proposed TAC with respect to the remaining three defendants (Tea, Finucane, and Paula Christian), are minimal at best and require several assumptions to give rise to a plausible claim.  If plaintiff chooses to include allegations against those defendants in the TAC, the court will have to deal with them in any motion to dismiss filed by defendants.

Lastly, plaintiffs have requested that the court extend the discovery cut-off and dispositive motion deadlines by approximately 120 days and reset the Final Pretrial Conference and jury trial.  Defendants agree that such extensions will be necessary regardless of how the court rules on plaintiffs' motion

---

[3] In their opposition, defendants state that the proposed TAC alleges that Gilbert-Driggs also participated in the January 22, 2009 staffing, and plaintiffs appear to have worked off this assumption when preparing their reply.  The proposed TAC does not, however, allege that Gilbert-Driggs participated in the January 22, 2009 staffing.

8

to amend.  While the court will grant the parties' request to amend the deadlines in the Status (Pretrial Scheduling) Order, it notes that this will be the third extension of deadlines in this case and may not look favorably on a fourth request.

   IT IS THEREFORE ORDERED that plaintiffs' motion for leave to file a Third Amended Complaint be, and the same hereby is, GRANTED.

   IT IS FURTHER ORDERED that plaintiffs' request to amend the deadlines in the Status (Pretrial Scheduling) Order be, and the same hereby is, GRANTED and the Status (Pretrial Scheduling) Order is modified as follows: Non-Expert Discovery shall be completed on or before May 14, 2012; Expert witness discovery will proceed as follows: plaintiffs' Expert Disclosure: April 11, 2012; defendants' Expert Disclosure: May 7, 2012; Rebuttal Expert Disclosures: June 1, 2012; Expert Discovery Cut-Off: July 23, 2012; Dispositive Motion Deadline: September 11, 2012; the Final Pretrial Conference is set for November 26, 2012 at 02:00 p.m. in Courtroom 5; and the jury trial is set for January 23, 2013 at 9:00 a.m. in Courtroom 5.

   Plaintiffs shall file their Third Amended Complaint[4] within ten days of the date of this Order.

DATED:  December 6, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs recognize that Wendy Christian is an existing defendant and that the allegations in the proposed TAC fail to differentiate between Wendy Christian and Paula Christian.  Before filing the proposed TAC, plaintiffs shall amend it to clarify whether allegations about "Christian" refer to Wendy or Paula.