IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD OLVERA, et al.,

      Plaintiffs,                    No. CIV S-10-0550 WBS CKD

      vs.

COUNTY OF SACRAMENTO, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiffs' motion to compel testimony came on regularly for hearing December 14, 2011. Brett Terry and Dennis Ingols appeared for plaintiffs. Mark O'Dea appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        At issue on this motion is what occurred at three staff meetings which were held in January, 2009. The Delivered Service Logs ("DSLs") indicate decisions were made at these meetings on how to proceed with respect to protective custody warrant applications for the minor plaintiffs. During depositions, defense counsel objected on the basis of attorney client privilege to any testimony regarding the discussions which took place during these meetings because

\\\\

\\\\

county counsel was present.[1]  Defendants also contend that the purpose of the meetings was to seek advice of counsel.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield.  Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992).  That situation obtains here.  Although defendants disavow reliance on the advice of counsel as an affirmative defense, defendants contend that the decision to proceed with the warrant applications at issue in this case was constitutional.  That decision was made during meetings which defendants now seek to shield from disclosure.  What occurred in the staff meetings is directly relevant to the claims raised in the third amended complaint, including the claims against the individually named county counsel who participated in the meetings.  See dkt. no. 66, December 7, 2011 Order at 6:22-7:13; dkt no. 56-2 (Third Amended Complaint).  Plaintiffs have no other avenue to discover the basis of the decision on whether to proceed with the warrant applications and the determination that exculpatory information would be withheld from the warrant applications.  The objection based on attorney client privilege will therefore be disallowed.

Moreover, assuming arguendo that the communications during the subject meetings were confidential, it appears that this case merits an exception to the privilege.  The gravamen of the third amended complaint is that defendants, including county counsel, conspired to deprive plaintiffs of their civil rights by deliberately withholding exculpatory evidence from the applications for protective custody warrants.  The evidence submitted by plaintiffs in support of the motion to compel appears to be sufficient to establish a prima facie case of civil conspiracy to deprive plaintiffs of their constitutional rights to familial association.  See Exh. I (emails and

---

[1] In apparent disregard of the meet and confer requirement under Local Rule 251, defense counsel offered a new position for the first time at oral argument, conceding that certain portions of the discussions at the meetings are discoverable.

faxes from Carla DeRose and Edward Olvera to Jeanine Lopez, containing exculpatory information); cf. Exh. J (applications for Protective Custody Warrants for three minors.)  Under these circumstances, the court finds the crime/fraud/tort exception to the attorney client privilege is applicable.  See Horizon of Hope Ministry v. Clark County, Ohio, 115 F.R.D. 1 (S. D. Ohio 1986) (confidential communications between an attorney and client not privileged where plaintiff made prima facie showing communications were in perpetuation of civil conspiracy to deprive plaintiffs of their civil rights).[2]

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiffs' motion to compel (dkt. no. 54) is granted.

2.  The objection based on the attorney-client privilege is overruled for testimony related to staffings/meetings occurring on January 5, January 16, and January 22, 2009, or at any other staffings/meetings related to plaintiffs and their involvement in the County of Sacramento's Juvenile Dependency court system.

Dated: December 15, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
olvera.oah

---

[2] Plaintiffs requested at oral argument that any order on the pending motion address the applicability of the attorney client privilege to other discovery in this matter, which has not yet been propounded.  The notice of motion to compel addressed only staffings/meetings related to plaintiffs.  The court declines to issue an advisory opinion regarding documents not yet at issue.